BARRY A. CHATZ  SB# 140638
KEVIN H. MORSE  SB# 253066
**SAUL EWING ARNSTEIN & LEHR LLP**
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Tel: 312-876-7100
Fax: 312-876-0288
E-Mail: barry.chatz@saul.com
           kevin.morse@saul.com

Attorneys for Debtors
and Debtors in Possession

**FILED & ENTERED**

**OCT 03 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fortier    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:18-bk-10443 BR |
| ECLIPSE BERRY FARMS, LLC, *et al.* [1] | Chapter 11  (Jointly Administered) |
| Debtors. | **ORDER CONFIRMING AMENDED CHAPTER 11 LIQUIDATING PLAN** |
| Affected Debtor(s): | Date:      October 3, 2018<br>Time:     10:00 a.m.<br>Ctrm.:    1668<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |
| ☐ Eclipse Berry Farms, LLC | |
| ☐ Harvest Moon Strawberry Farms, LLC | |
| ☐ Rosalyn Farms, LLC | |
| x  All Debtors | |

Eclipse Berry Farms, LLC ("EBF"); Harvest Moon Strawberry Farms, LLC ("HMSF"); and Rosalyn Farms, LLC ("RF"), debtors and debtors in possession herein (collectively, the "Debtors"), having filed the *Amended Chapter 11 Liquidating Plan* (the "Plan") [Docket No. 378]; the Court, having entered its *Order (I) Approving Adequacy of Debtors' Amended Disclosure Statement; (II) Setting Dates by which Motion to Confirm Plan and Solicitation Materials must be Served; (III) Establishing Deadline for Receipt of Ballots; (IV) Fixing Time,*

---

[1] Debtors are the following three entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Eclipse Berry Farms, LLC (5837), Rosalyn Farms, LLC (8986), and Harvest Moon Strawberry Farms, LLC (4328) (collectively, the "Debtors").

1

*Date and Place for Confirmation Hearing; and (V) Fixing Deadline to File Objections to Confirmation* (the "<u>Disclosure Statement Order</u>") [Docket No. 501], pursuant to which the court (a) approved the Disclosure Statement, (b) established notice, balloting, and voting procedures in connection with soliciting votes on the Plan, (c) fixed objection deadlines to Confirmation of the Plan, and (d) scheduled a hearing to consider Confirmation of the Plan; a hearing to consider confirmation of the Plan and matters related thereto having been held before this court on October 3, 2018 (the "<u>Confirmation Hearing</u>"); and the court having considered the following:

a) the Plan;

b) the *Amended Disclosure Statement* [Docket Nos. 377 & 379];

c) the Disclosure Statement Order;

d) Debtors' *Motion for Confirmation of Amended Chapter 11 Liquidating Plan* [Docket No. 516] (the "<u>Motion to Confirm</u>");

e) The *Declaration of Robert Marcus* in support of the Motion to Confirm;

f) The *Notice of Filing of Liquidating Trust Agreement* [Docket No. 517];

g) The *Response to Debtors' Amended Chapter 11 Liquidating Plan and Debtors' Motion for Confirmation of Amended Chapter 11 Liquidating Plan* [Docket No. 595] filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>");

h) The *Reply in Support of Motion for Confirmation of Amended Chapter 11 Liquidating Plan with Report of Balloting; Declaration of Kevin H. Morse* [Docket No. 637];

i) The record in the Debtors' chapter 11 cases, and

j) The offers of proof, evidence, and representations of counsel at the Confirmation Hearing; and

the Court finding that jurisdiction and venue is proper; the Court finding that the Debtors have complied with the Disclosure Statement Order and that notice of the Confirmation Hearing and all proceedings with respect to the Plan were appropriate under the circumstances; the Court finding that the releases in the Plan are narrowly tailored, critical to the Plan, and appropriate under the circumstances; no objection to the Plan having been filed; the Court finding that the

Plan does not discriminate unfairly and is fair and equitable to unaccepting classes; the Court finding that each of the requirements of section 1129 of the Bankruptcy Code have been met;

**IT IS HEREBY ORDERED THAT**:

1. **Plan Confirmed**. The Plan is hereby confirmed.

2. **Substantive Consolidation**. Upon the Effective Date[2], except as otherwise provided in the Plan, the assets and debts of each of EBF, HMSF, and RF are substantively consolidated into one estate for all purposes.

3. **Rejection of Executory Contracts and Unexpired Leases**. Except with respect that certain office lease by and between EBF and Emmett 1997, LLC, related to the Debtors' headquarters located at 11812 San Vicente Blvd., Suite 250, Los Angeles, California 90040 (which shall remain subject to the *Order Approving Stipulation Between Debtors and Douglas Emmett 1997, LLC to Extend Deadline to Assume or Reject the Non-Residential LA Office Lease* [Docket No. 496]), any and all executory contracts or unexpired leases (i) that have not expired by their own terms on or prior to the Effective Date, (ii) that have not been assumed, assumed and assigned, or rejected with the approval of the Bankruptcy Court or by operation of law prior to the Effective Date, or (iii) that are not the subject of a motion to assume or assume and assign pending as of the Effective Date, are rejected as of the Effective Date. The entry of this Confirmation Order by the Bankruptcy Court will constitute approval of such rejections as of the Effective Date pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

4. **Vesting of Assets**. Except for the Fee Carve-Out, or as otherwise provided in the Plan, the confirmation of the Plan vests all property of the Debtors' substantively consolidated estates in the Liquidating Trust.

5. **Approval of Liquidating Trust Agreement; Appointment of Liquidating Trustees and Oversight Committee**. The Liquidating Trust Agreement [Docket No. 517] is hereby approved in all respects. The parties to the Liquidating Trust Agreement are authorized to execute the agreement and take any other actions necessary to effectuate the agreement.

---

[2] Capitalized terms used but not defined herein shall have the meaning given to such term in the Plan.

3

Province, Inc. is appointed the Liquidating Trustee of the Eclipse Berry Farms, LLC, et al. Liquidating Trust.  The following members of the Committee shall comprise the Oversight Committee: (1) Crop Production Services, Inc.; (2) BNSF Logistics, LLC; (3) Coastal Cooling, LLC; (4) TriCal, Inc.; (5) Robert Mann Packaging, Inc.; and (6) John J. Jerue Truck Broker, Inc.

6.  **No Bond for Liquidating Trustee**.  Neither the Liquidating Trustee nor any of its retained professionals, employees, or agents shall be required to give any bond or surety for the performance of its duties.

7.  **Limitations on Liability of Liquidating Trustee**.  Neither the Liquidating Trustee nor any of its retained professionals, employees, or agents shall be liable for any act taken, suffered or omitted to be taken in their respective capacities as Liquidating Trustee or as a professional retained by the Liquidating Trustee in reliance on any provision of the Plan or Liquidating Trust Agreement, except for acts of gross negligence or willful misconduct (which gross negligence or willful misconduct must be determined by a Final Order in a court of competent jurisdiction), in the performance of duties for the Liquidating Trust. Notwithstanding anything herein to the contrary, in no event shall the Liquidating Trustee or any professional retained by the Liquidating Trustee be liable to any party on account of the performance of duties for the Liquidating Trust in an amount that exceeds the fees and expenses such Liquidating Trustee or professional has received for its service on behalf of or to the Liquidating Trust.

8.  **Discharge of Liquidating Trustee**.  The Liquidating Trust will dissolve and the Liquidating Trustee will be discharged in accordance with the terms of the Plan and Liquidating Trust Agreement.

9.  **Releases by the Debtor**.  *In consideration for services rendered to the Estates and for the consideration as more fully set forth herein, to the greatest extent permissible by law, and except as otherwise specifically provided in this Plan, as of the Effective Date, the Debtors shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged each of the Released Parties of and from any and all past, present and future legal actions, causes of action, choses in action, rights, demands, suits,*

*claims, liabilities, encumbrances, lawsuits, adverse consequences, amounts paid in settlement, costs, fees, damages, debts, deficiencies, diminution in value, disbursements, expenses, losses and other obligations of any kind, character or nature whatsoever, whether in law, equity or otherwise (including, without limitation, those arising under Chapter 5 of the Bankruptcy Code and applicable non-bankruptcy law, and any and all alter-ego, lender liability, indemnification or contribution theories of recovery, and interest or other costs, penalties, legal, accounting and other professional fees and expenses, and incidental, consequential and punitive damages payable to third parties), whether known or unknown, fixed or contingent, direct, indirect, or derivative, asserted or unasserted, foreseen or unforeseen, suspected or unsuspected, now existing, heretofore existing or which may heretofore accrue against the Debtors or the Released Parties (in each case, solely in their capacities as such) occurring from the beginning of time to and including the Effective Date related in any way directly or indirectly, arising out of, and/or connected with any or all of the Debtors or the Estates; provided, however, that notwithstanding the foregoing or any other provision of this Plan, nothing in this Plan, or any order confirming this Plan shall affect any causes of action, claims, or counterclaims that may be asserted in connection with an objection to a Claim that has not been Allowed, in each case as determined by a court of competent jurisdiction. Notwithstanding anything to the contrary in this Plan, this Article does not release any post-Effective Date obligations of any party under this Plan or any document, instrument, or agreement executed to implement this Plan. Furthermore, nothing in this Plan shall affect the liability of any Claims held by any third party against any of the Released Parties.*

      10.      **Exculpation**. *None of the Exculpated Parties shall have or incur any liability for any act or omission in connection with, related to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, implementation, confirmation, or approval of this Plan, the administration of this Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in this Plan, provided, however, that the foregoing provisions shall not affect the liability of any Person that would result solely from any such act or*

*omission to the extent that act or omission is determined by a Final Order of the Court to have constituted willful misconduct or gross negligence or breach of fiduciary duty; provided further, however, that this provision shall not limit the Debtors' obligations under this Plan; provided further, however, that notwithstanding the foregoing or any other provision of this Plan, nothing in this Plan, or any order confirming this Plan shall affect any causes of action, claims, or counterclaims that may be asserted in connection with an objection to a Claim that has not been Allowed, in each case as determined by a court of competent jurisdiction.*

11. **Injunction Enjoining Holders of Claims Against Debtor**. The Plan is the sole means for resolving, paying, or otherwise dealing with Claims and Equity Interests. To that end, except as expressly provided in the Plan, at all times on and after the Effective Date, all Persons who have been, are, or may be holders of Claims against or Interests in the Debtors, arising prior to the Effective Date, will be permanently enjoined from taking any of the following actions, on account of any such Claim or Equity Interest, against the Debtors, their Estates, the Liquidating Trust or its property (other than actions brought to enforce any rights or obligations under the Plan):

(a) commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind against the Debtors and/or the Estates, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets (including, without limitation, all suits, actions, and proceedings that are pending as of the Effective Date which will be deemed to be withdrawn or dismissed with prejudice);

(b) enforcing, levying, attaching, executing, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against the Debtors, the Estates, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets;

(c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any lien, security interest or encumbrance against the Debtors, the Estates, the

Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets; and

(d) proceeding in any manner in any place whatsoever against the Debtor, the Estate, the Liquidating Trust, or the Liquidating Trustee, their successors, or their respective property or assets that does not conform to or comply with the provisions of the Plan.

12. **Post-Confirmation Status Reports**. Within 120 days of the entry of this order, the Liquidating Trustee shall file a status report explaining what progress has been made toward consummation of the confirmed plan of reorganization. The initial report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every 120 days thereafter and served on the same entities, unless otherwise ordered by the court.

13. **Conversion to Chapter 7**. If the above-referenced cases are converted to cases under chapter 7, the property of the Liquidating Trust, or of any other successor to the estate under the plan, that has not been distributed under the plan shall be vested in the chapter 7 estate, except for property that would have been excluded from the estate if this case had always been one under chapter 7.

14. **Effectiveness of Order**. Notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Order will be immediately effective and enforceable upon its entry.

15. **Retention of Jurisdiction**. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order and shall retain jurisdiction as set forth in the Plan.

Date: October 3, 2018

_____
Barry Russell
United States Bankruptcy Judge